**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOHANNE C. BEAUVAIS,**

                **Plaintiff,**　　　　　　　1:10-cv-1555
　　　　　　　　　　　　　　　　　　　　　　　(GLS/RFT)
         **v.**

**VILLAGE OF ALTAMONT
POLICE DEPARTMENT
COUNTY OF ALBANY;
ANTHONY J. SALERNO;
CENTER FOR DISABILITY SERVICES;
and MARY ELLEN SMITH,**

                **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Breedlove, Noll Law Firm | BRIAN BREEDLOVE, ESQ. |
| 10 Maxwell Drive, Suite 105 | |
| Clifton Park, NY 12065 | |
| | |
| Grasso, Rodriguez Law Firm | NICHOLAS J. GRASSO, ESQ. |
| 751 State Street | |
| Schenectady, NY 12307 | |
| | |
| **FOR THE DEFENDANTS:** | |
| *Altamont Police Department and Salerno* | |
| Tarshis, Catania Law Firm | JOSEPH G. McKAY, ESQ. |
| One Corwin Court | PAUL S. ERNENWEIN, ESQ. |
| P.O. Box 1479 | |
| Newburgh, NY 12550 | |

*Center for Disability Services*

*and Mary Ellen Smith*
Jackson, Lewis Law Firm
One North Broadway
Suite 1502
White Plains, NY 10601

JONATHAN M. KOZAK, ESQ.
MICHAEL A. JAKOWSKY, ESQ.

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Johanne C. Beauvais commenced this action against defendants Village of Altamont Police Department County of Albany ("VAPD"), Anthony J. Salerno, Center for Disability Services ("CDS"), and Mary Ellen Smith, asserting claims pursuant to 42 U.S.C. § 1983 and New York State common law for negligence, negligent infliction of emotional distress, false imprisonment and intentional infliction of emotional distress. (*See* Compl., Dkt. No. 1, Ex. B.)  Pending are VAPD, Salerno, CDS, and Smith's motions to dismiss.  (Dkt. Nos. 5, 16.)  For the reasons that follow, defendants' motions are denied.

### II. Background

**A.    Factual History[1]**

---

[1] The facts are drawn from Beauvais's Amended Complaint and presented in a light most favorable to her. (*See* Dkt. No. 14 at 19-33; *see infra* Part A (discussing the filing of the

2

Plaintiff Johanne C. Beauvais, a licenced practical nurse, was employed by defendant CDS as a weekend nurse.  (Am. Compl. ¶¶ 1-2, Dkt. No. 14.)  Beauvais was assigned to care for the individuals (referred to as consumers) at 142 Main Street in Altamont, NY.  (*Id.* ¶ 3-4.)  Her duties included monitoring the blood sugar of diabetic consumers, administering medications, and transporting consumers to appointments, jobs, or for errands.  (*Id.* ¶ 5.)  During the course of her employment with CDS, Beauvais was occasionally notified when consumers' personal items, which they stored in their rooms at 142 Main Street, went missing.  (*Id.* ¶ 7.)  Prior to the incident in question, she had never been questioned about any missing items. (*Id.* ¶ 7.)

On December 7, 2009, Beauvais was called by the house manager of 142 Main Street.  (*Id.* ¶ 9.)  The manager advised her that a consumer's personal items were reported missing and CDS intended to investigate. (*Id.*)  To this end, Beauvais was asked to report to 142 Main Street on December 8; the location of this meeting was later changed to the Village of Altamont Police Department.  (*Id.* ¶ 9.)

Beauvais arrived at the Police Department at 10:00 a.m. on

Amended Complaint).

December 8, 2009.  (*Id.* ¶ 10.)  She waited until approximately 11:30 a.m. for her meeting with defendants Anthony J. Salerno, Chief of the Village of Altamont Police Department, and Mary Ellen Smith, from CDS, to begin.  (*Id.*)  Before entering the meeting with Salerno and Smith, which occurred "behind closed doors," Beauvais's "cell phone and jacket were taken from her."  (*Id.* ¶¶ 10-11.)  Furthermore, she was neither informed that she was permitted to leave at any time, nor of her right to remain silent or to an attorney.  (*Id.* ¶¶ 11-12.)

Beauvais was accused of stealing a Nintendo Wii system and "kidnapping" a consumer.[2]  (*Id.* ¶13.)  In lieu of being arrested, she was given the option to either admit that she stole the items, or sign a pre-drafted letter of resignation.  (*Id.* ¶ 14.)  Salerno told Beauvais that he had "videotaped evidence that [she] kidnapped a consumer"; he also "appeared to make [a] phone call to a judge" about possibly arraigning Beauvais for theft and kidnapping.  (*Id.* ¶¶ 15-16.)  In addition, Smith stated that she knew Beauvais stole the Nintendo Wii.  (*Id.* ¶ 17.)  Refusing to admit to the

---

[2] The alleged kidnapping arose from the unauthorized removal of a consumer from his home.  (Am. Compl. ¶ 13.)  Beauvais avers that it was customary practice to remove a specific diabetic consumer from the household when he became agitated or exhibited signs of elevated blood sugar.  (*Id.* ¶ 8.)  She claims she was unaware that this was improper and that CDS knew of this practice. (*Id.*)

4

allegations against her, Beauvais was presented with a pre-drafted resignation letter.  (*Id.* ¶ 18.)  The letter stated that Beauvais "took a consumer from the house and that she resigned her position with" CDS.  (*Id.* ¶ 20.)  She was told that if she did not sign the letter she could be arrested, lose her nursing license, and/or have her children taken away from her.  (*Id.* ¶ 19.)

As a result of this "forced" resignation, Beauvais suffered from depression and sought medical attention from her healthcare provider.  (*Id.* ¶¶ 21-22.)  She was prescribed medications for her depression, a condition that still persists.  (*Id.* ¶ 22.)  Beauvais further alleges that the defendants' conduct caused her mental anguish, anxiety, emotional distress, and other personal injuries.  (*Id.* ¶ 51.)

**B.     Procedural History**

On November 18, 2010, Beauvais commenced this action against the defendants in New York State Supreme Court.  (*See* Dkt. No. 1, Ex. B.)  VAPD and Salerno filed an answer on December 10, 2010, and thereafter, defendants removed this action to this court.  (*See generally* Dkt. No. 1.)  CDS and Smith moved to dismiss Beauvais's Complaint under Fed. R. Civ. P. 12(b)(6).  (S*ee* Dkt. No. 5.)  In response, Beauvais filed a memorandum

5

which included an Amended Complaint on March 8, 2011.[3] (S*ee* Dkt. No. 14.) On March 29, 2011, VAPD and Salerno filed a motion to dismiss under Fed. R. Civ. P. 12(b) and (c) challenging both the filing of the Amended Complaint and the underlying causes of action. (*See* Dkt. No. 16.)

### III. Standard of Review

The standard of review under Fed. R. Civ. P. 12 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010); *see also Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (stating motions under Fed. R. Civ. P. 12(c) are subject to the same standard as motions to dismiss under 12(b)(6)).

### IV. Discussion[4]

### A. Amended Complaint

---

[3] Beauvais's Amended Complaint has, to date, not been properly filed with the court.

[4] Beauvais has withdrawn the claims for negligent infliction of emotional distress and negligence contained in the second, third, seventh, eighth, eleventh, and twelfth causes of action. (*See* Dkt. No. 19 at 1.) Accordingly, these claims are dismissed.

6

As a threshold matter, VAPD and Salerno challenge the filing of the Amended Complaint. (S*ee* Dkt. No. 16, Attach. 7 at 6.) However, as defendants noted, the court, in its discretion, may extend the time for filing pursuant to Fed. R. Civ. P. 15(a)(2). (*Id.*) The court opts to do so here.

In reaching this decision, the court is guided by the following: (1) the Amended Complaint—which, at the time it was submitted, was only untimely with respect to VAPD and Salerno—cures the factual deficiencies in the Complaint; (2) defendants' motions to dismiss are equally applicable to the Amended Complaint; and (3), both defendants filed responsive memorandums that specifically address the sufficiency of the Amended Complaint. (*See* Dkt. Nos. 14, 15, 16, 20.)

As such, the court exercises its discretion to extend the time for filing of an amended complaint. This decision is subject to the following condition: plaintiff is to file a signed amended complaint which omits the causes of action that have since been conceded. (*See* Dkt. Nos. 14, 19.)

**B.** **Section 1983**

"In order to state a claim under [42 U.S.C.] § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307,

7

323 (2d Cir. 2002) (citation omitted).  However, "[a] merely conclusory allegation that a private [individual] acted in concert with a state actor does not suffice to state a § 1983 claim against the private [individual]." *Id.* (citation omitted).

Defendants, in their respective motions to dismiss, each challenge the factual sufficiency of Beauvais's claims under 42 U.S.C. § 1983. Although the court recognizes that the factual record before it is sparse and, in some instances unclear, it finds that Beauvais has met the minimum threshold established under the Fed. R. Civ. P. 8(a)(2) of a "short and plain statement of the claim . . . ."

Here, Beauvais's Amended Complaint states the date, location, time, participants and subject matter of the incident in question, as well as a brief description of the events that, if proven true, make it plausible that a violation of her constitutional rights occurred.  (*See generally* Dkt. No. 14.) Notwithstanding the factual discrepancies raised in defendants' motions, these assertions are unavailing at this time.  *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (The court's review is limited to the "four corners of the complaint . . .").

VAPD and Salerno further raise a challenge to the municipal liability

8

under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), and the defense of qualified immunity for Salerno in his individual capacity. However, these arguments are unpersuasive.

First, VAPD and Salerno's argument on municipal liability is flawed. Whereas here, the allegation is that a municipal employee, "who 'possesses final authority to establish municipal policy with respect to the action ordered'" committed a tortious act, the appropriate inquiry is on whether that employee's actions "represent the conscious choices of the municipality itself." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 126 (2d Cir. 2004). Indeed, there is ample precedent for the proposition that the head of a law enforcement agency is a policymaker regarding law enforcement practices for the purposes of municipal liability under section 1983. *See, e.g., Pembaur v. City of Cincinnati*, 475 U.S. 469, 484 n.12 (1986).

Furthermore, the defense of qualified immunity, with respect to Salerno—an active participant in the incident in question—is premature at this juncture. *See McKenna v. Wright*, 386 F.3d 432, 435 (2d Cir. 2004) (discussing the unusual nature of a case where an executive branch agent can prevail on the qualified immunity defense at the motion to dismiss

9

stage). As such, defendants' motions to dismiss Beauvais's § 1983 claims are denied.

## C.     Remaining State Law Tort Claims

In addition to her claims under 42 U.S.C. § 1983, Beauvais alleges causes of action under New York common law for intentional infliction of emotional distress and false imprisonment[5]. (*See* Dkt. No. 1, Ex. B.) For the reasons stated above, the facts alleged in the Amended Complaint are sufficient to survive defendants' motions to dismiss. (*See* Dkt. No. 14 at 19-33.) Accordingly, defendants' motions to dismiss the state law claims are denied.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Beauvais's claims for negligence and negligent infliction of emotional distress contained in the second, third, seventh, eighth, eleventh, and twelfth causes of action (Dkt. No. 1, Ex. B) are **DISMISSED**; and it is further

---

[5] VAPD and Salerno assert that Beauvais's claim for false imprisonment is "fatal[ly] flaw[ed]" by her inconsistent use of the terms "false imprisonment" and "false arrest." (*See* Dkt. No. 20 at 9.) The court disagrees. *See Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991) (citation omitted) (stating under New York law, "the tort of false arrest is synonymous with that of false imprisonment").

10

**ORDERED** that defendants' motions (Dkt. Nos. 5, 16) are **DENIED** in all respects; and it is further

**ORDERED** that Beauvais shall file an amended complaint in the time allotted by the rules and in accordance with this order; and it is further

**ORDERED** that defendants file the appropriate responsive pleadings within the time allotted by the rules; and it is further

**ORDERED** that the parties notify Magistrate Judge Treece in order to schedule further proceedings in accordance with this order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September16, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge